UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

RECEIVED
CLERK, CHARLESTON, SC
2005 DEC 15 A 11: 17

Albert Adams, Jr., # 2991, )
                                     )     Civil Action No. 2:05-2537-SB
              Plaintiff, )
                                     )
      -vs-                         )     **O R D E R**
                                     )
Officer Johnny Hamilton )
Chief Hugh Ray; )
City of New Ellenton; and )
New Ellenton Police Dept., )
                                     )
            Defendants. )
_____)



This matter is before the Court on the *pro se* Plaintiff's claim of a civil rights violation resulting from an incident with a police officer. By local rule, this case was referred to United States Magistrate Judge Robert S. Carr for initial review. After careful analysis, the Magistrate Judge recommended that this case be summarily dismissed without prejudice. The Plaintiff filed timely objections to the Report and Recommendation. This matter is now ready for decision.

In his original complaint, the Plaintiff claimed he was harassed and threatened by New Ellenton Police Offer Johnny Hamilton on June 27, 2005.[1] The Plaintiff also claimed that Officer Hamilton had harassed both the Plaintiff and his former common-law wife for over a year. The Plaintiff attached various

---

[1] The complaint also listed a claim of employment discrimination. However, the Plaintiff did not object to the Magistrate Judge's recommendation to summarily dismiss this claim. Therefore, that claim is barred from further review by this Court. *See* Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991); *see also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985).

supplemental statements to his original complaint alleging involvement between Officer Hamilton and the Plaintiff's ex-wife.

The Magistrate Judge's report and recommendation accurately concludes that the Plaintiff has not stated a viable claim for damages due to "harassment" under 42 U.S.C. § 1983. Officer Hamilton's actions, as reported by the Plaintiff, simply do not give rise to a claim for damages. The Plaintiff's objections state that Officer Hamilton "used vile and abusive language," "acted in an unprofessional manner," and was "out of control." Objections at 2. The most serious of the Plaintiff's allegations are that Officer Hamilton drew his firearm and pointed it at him. This occurred after Hamilton heard that the Plaintiff was going to slit his throat if he (Hamilton) came around the neighborhood. Hamilton asked the Plaintiff if he had a knife (which he did), and ordered the Plaintiff to put it on his knee as they talked. The firearm was drawn as the Plaintiff moved to put the knife back in his pocket.



Under these circumstances, Officer Hamilton's actions, as alleged by the Plaintiff, are not representative of the type of conduct that § 1983 seeks to prohibit. *See* 42 U.S.C. § 1983 (requiring proof of "deprivation of rights, privileges, or immunities secured by the Constitution and laws" to show liability for a valid claim of redress). It was not unreasonable for Officer Hamilton to investigate a threat on his life, nor for him to draw his firearm when confronting the person who allegedly made the threat. The Plaintiff was not arrested or harmed in any way. His allegations are not actionable under § 1983.

Regarding the Defendants in this action, the Plaintiff claims in his objections that "all parties in this case should be held liable, because of a chain of command."

2

Objections at 3. Because there is no evidence that the City of New Ellenton and/or the New Ellenton Police Department has an established custom or policy of harassment or use of threats, they cannot be held liable for any such behavior on the part of one of their police officers. Municipalities and other local governmental units cannot be sued on a *respondeat superior* theory for the unconstitutional acts of their employees. *See* Monell v. Department of Social Servs., 436 U.S. 658, 690-91 (1978).

Based on the foregoing, it is

ORDERED that the Plaintiff's objections to the Magistrate Judge's Report and Recommendation are overruled; that the Report and Recommendation is affirmed; that the Plaintiff's Complaint is dismissed without prejudice; and that this action is ended.

**IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

December 14, 2005
Charleston, S.C.

3